(129 So. 217)

**LATTER & BLUM v. ANSELL–LAPKIN STORES CO., Inc.**

No. 30124.

June 2, 1930.

Isaac S. Heller, Wilbur W. Heard, and Leslie Moses, all of New Orleans, for appellants.

Weiss, Yarrut & Stich, of New Orleans, for appellee.

ST. PAUL, J.

This is an action to eject defendant from the premises 1312 Canal street, New Orleans. The defendant pleaded an estoppel which the trial judge maintained; and plaintiffs appeal.

## I.

The circumstances are these. Bernard, Inc., was the lessee of said building and conducting a commercial business therein. Bernard employed plaintiff to find a purchaser for said lease and business. Plaintiffs got in touch with defendant and began negotiation for a sale. Bernard went over plaintiffs' head and sold direct to defendant both the business and the lease.

Thereupon plaintiff sued Bernard for a commission for having effected said sale. Bernard made no defense and judgment went against it by default.

Under that judgment plaintiff seized and offered for sale, as the property of Bernard, the unexpired term of the lease; and themselves bought it in at the sheriff's sale.

## II.

[1, 2] The plea of estoppel is based on the proposition that plaintiffs having alleged a sale of the unexpired term of the lease to defendant before plaintiffs' own purchase, and having recovered judgment against Bernard for a commission for bringing about that very sale, is estopped from denying such sale and ignoring defendant as the purchaser and owner of the lease.

The trial judge thought, and so do we, that the plea of estoppel was well founded. One

cannot be permitted to sell a thing for another and then recover from the purchaser thereof the commission due him by the vendor. And that is precisely what he is doing when he attempts to collect out of the property sold the amount of his claim against the vendor.

## III.

Even conceding (which we are not prepared to do this time) that, under the provisions of Rev. Civ. Code, art. 2266, the sale of a lease must be recorded to affect third persons; nevertheless we do not think that has any application here. The failure to record an act affecting immovable property avails only those who are not parties to the transaction, and in our opinion plaintiffs have alleged themselves, and are, in fact, parties to the sale of the lease by Bernard to defendant. That was the fact on which they based their claim for a commission, and that was the fact on which they were entitled to the commission.

## Decree.

The judgment appealed from is therefore affirmed.

(129 So. 361)
**Succession of COTTON.**
No. 30550.

June 2, 1930.

